CARAWAY, J.,
dissenting.
I respectfully dissent.
|tThe substance of this case was litigated by the parties entirely as a boundary action. See, my concurring opinion rendered 5/13/97 in Bennett v. La. Pacific Corp., 29,598 (La.App. 2 Cir. 5/9/97), 693 So.2d 1319, writ denied, 97-1552 (La. 10/3/97), 701 So.2d 199. The trial court ruling, and indeed the majority’s affirmance, rests upon factual recognition that the fence (the “Old Fence”) encroaching from Stephenson’s tract into the NE Quarter of the NW Quarter was the established boundary when Roe (hereinafter referred to as his family limited liability company name, “Double R”) acquired the property in 1993. Both rulings of the trial court and this court also acknowledge that "with the Old Fence’s construction and continuing existence for over 30 years before 1993, Stephenson was the owner of the disputed strip of land in 1993.
With the above facts, the majority ruling establishes that Stephenson lost ownership to the disputed strip, and the Old Fence ceased to be the common boundary 10 years after Double R’s construction of the new fence in 1993. This is a finding of 10-year acquisitive prescription in favor of Double R. The majority ruling therefore properly followed the boundary action dictates of La. C.C. art. 792 and La. C.C.P. art. 3693 and fixed the common boundary between these contiguous lands at the new Double R fence “in accordance with the ownership” of Stephenson and Double R.
*535 My dissent rests on one question: Where is Double R? Double R is not a party to this action. Nothing in our law regarding res judicata prevents Stephenson from bringing a second boundary action against Double R. Wildcat’s servitude is carved out of the ownership claim of Double R. Because of the absence of Double R, the trial court’s judgment was incomplete as it should have expressly set forth the boundary as the new Double R fence from its adjudication of the facts.
While this court properly noticed and raised the peremptory exception of non-joinder under La. C.C.P. art. 927(B), there is no discussion by the majority in its opinion concerning the tests of La. C.C.P. art. 641. Clearly, in the absence of Double R’s presence as a party, complete relief in this boundary action “cannot be accorded among those already parties.” La. C.C.P. art. 641(1). Also, Double R’s claim of ownership presented by Roe’s testimony at trial means that, in its absence, the adjudication of this boundary action leaves Stephenson and Wildcat “subject to a substantial risk” of re-litigation and inconsistent judgments for the determination of the boundary between these two tracts. La. C.C.P. art. 641(2)(b). See, Morgan v. Winbeau Oil & Gas Co., 45,921 (La.App. 2 Cir. 2/16/11), 57 So.3d 1202 (where this court properly reversed on its own motion, a judgment in a real action involving mineral rights because of the absence of other record owners of the immovable property at issue).